UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**HEMP ASSOCIATION OF LOUISIANA,
ET AL**

**VERSUS**

**ERNEST P. LEGIER, JR., ET AL**

**CIVIL ACTION**

**NO. 24-871-JWD-SDJ**

**RULING AND ORDER**

This matter comes before the Court on *Plaintiffs' Rule 15 Motion to Amend Complaint* ("*Motion to Amend*") (Doc. 68), filed by Plaintiffs Hemp Association of Louisiana and Cypress Hemp, LLC. Plaintiffs seek to amend their *Complaint* for a second time, which Defendants Ernest P. Legier, Jr., Commissioner of Louisiana Alcohol and Tobacco Control, and Michael Harrington, Secretary of Louisiana Department of Health, oppose in their *Defendants' Opposition to Plaintiffs' Motion for Leave to Amend* ("*Opposition*") (Doc. 74). Plaintiffs then filed their *Reply in Support of Plaintiffs' Rule 15 Motion to Amend Complaint* ("*Reply*") (Doc. 75).

**I.  BACKGROUND**

The Court summarized the background of this matter at the status conference in December. To review, this case involves the constitutionality of House Bill 952, Act 752 ("H.B. 952," "Act 752," or "the Act"), which went into effect on January 1, 2025. H.B. 952 at 15. Act 752 alters Louisiana's hemp regulatory regime, including the alteration of the definitions of "industrial hemp" and a "consumable hemp product," further regulating such products, and modifying state regulations on the production, distribution, licensing, permitting, and retail of such products. Act 752 would "amend and reenact La. R.S. 3:1481, 1482(A) through (C) and (E), 1483(A), (B)(3) and (6), (C), (E)(1) and (2), (F), and (G)(1), 1484, and 1493(B)(9), [] enact R.S. 3:1483(G)(6) and 1485, and [] repeal R.S. 3:1483(B)(7), (D), and (E)(3)[.]" *Id.* at 1.

1

Plaintiffs asserted in their *Amended Complaint for Declaratory and Injunctive Relief*, (Doc. 42), that the Act (a) is preempted by the 2018 Farm Bill, (b) violates the Commerce Clause, and (c) is unconstitutionally vague in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments. (*Id.* at ¶¶ 39–96.) They further argued that the Act deregulates Farm Bill Products and places Plaintiffs at risk of civil and criminal penalties. (*Id.* at ¶¶ 98–118.) The primary differences between Plaintiffs' initial *Complaint* and Plaintiffs' *Amended Complaint* are: 1) the substitution of Ernest P. Legier, Jr., the Commissioner of the Louisiana Alcohol and Tobacco Control, and Secretary Michael Harrington, for Governor Jeff Landry, Attorney General Liz Murrill, and East Baton Rouge Parish DA Hillar Moore as Defendants; 2) Plaintiffs' allegation, in the *Amended Complaint*, that they have a warehouse in Virginia and another in Texas, leading them to "transport hemp-derived products between these two warehouses through Louisiana[,]" (*id.* at ¶ 3,); and 3) a section on the dormant Commerce Clause's constraints on state laws directly regulating out-of-state commerce, (*id.* at ¶¶ 56–62, 82).

In *Plaintiffs' Second Motion for Preliminary Injunction*, (Doc. 46), Plaintiffs largely reiterated the arguments made in their *Amended Complaint* and the arguments made in their initial *Plaintiffs' Motion for Preliminary Injunction*, (Doc. 3). They revised their dormant Commerce Clause arguments to expand and emphasize their arguments that the Act regulates out-of-state conduct by out-of-state producers and wholesalers. (Doc. 46-1 at 17–23.) These arguments were included in Plaintiffs' response brief in support of their initial *Motion for Preliminary Injunction*.

The Court held a hearing on March 27, 2025, to consider the parties' arguments on *Plaintiffs' Second Motion for Preliminary Injunction*, (Doc. 46), and *Defendants' Motion [to] Dismiss and Opposition to Plaintiffs' Second Motion for Preliminary Injunction*, (Doc. 59). (Doc. 65). At the hearing, Plaintiffs requested permission to amend their complaint. (*Id.* at 1.) The Court

permitted Plaintiffs to file a formal motion for leave to amend their complaint, now pending before the Court. (*Id.*)

## II. PARTIES' ARGUMENTS

### A. Plaintiffs' *Motion to Amend* (Doc. 68)

Plaintiffs argue that their *Motion to Amend* should be granted because it "sets forth new factual allegations" regarding the impact of Act 752 on Plaintiffs. (Doc. 68 at ¶ 2.) More specifically, Plaintiffs contend that the amended complaint describes the practices used by the Louisiana Department of Health in enforcing the Act and "how those practices have disrupted previously compliant business operations[.]" (*Id.* at ¶ 3.) It argues that the Second Amended Complaint includes "significant and ongoing adverse consequences" resulting from Act 752's enforcement. (Doc. 68-1 at 2.) These consequences include rejections of previously approved labels, cease and desist orders, "retroactive restrictions on lawful commerce[,]" and "disruption of supply chains and retail operations." (*Id.*)

Moreover, Plaintiffs claim that the amended complaint "expands" their previous claims regarding the Commerce Clause and Due Process Clause, "providing additional factual and legal support . . . in light of how Act 752 has been applied in practice." (Doc. 68 at ¶ 4.) These new facts include Plaintiff Cypress Hemp being forced to "pull products from store shelves, restructure its operations, and forgo lawful sales of federally-compliant hemp products." (Doc. 68-1 at 2.) In addition, Plaintiffs claim that Hemp Association members have been subject to "regulatory uncertainty and punitive enforcement actions despite continued efforts to comply in good faith[.]" (*Id.*) Plaintiffs contend that these facts are "directly relevant" and reveal the "need for judicial intervention." (*Id.*) Plaintiffs claim that the amended pleading would clarify the "scope and nature of the relief sought[,] . . . highlight[ing] the severe and inequitable burdens [ ] on Plaintiffs[.]"

3

(Doc. 68 at ¶ 5.) Importantly, Plaintiffs assert that "these facts arose only after the First Amended Complaint was filed . . . and are critical to a full and fair adjudication of Plaintiffs' claims . . . serv[ing] the interests of justice[.]" (*Id.* at ¶ 6.)

Plaintiffs argue that here, the Court should grant leave to amend because Rule 15 of the Federal Rules of Civil Procedure "establishes a 'policy favoring liberal allowance of amendment,' under which, 'absent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted.'" (Doc. 68-1 at 3 (quoting *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).) Plaintiffs argue that their amendment is not futile, that Defendants will not be prejudiced by the amendment, and that "leave to amend should be liberally granted[.]" (*Id.* at 4.)

### B.   Defendants' *Opposition* (Doc. 74)

Defendants, on the other hand, argue that "Plaintiffs had their chance to amend, took their best shot, and missed." (Doc. 74 at 5.) According to Defendants, Rule 15 "does not entitle [Plaintiffs] to plead in circles[, and] [t]he putative Second Amended Complaint adds volume, not substance." (*Id.*) Defendants claim that Plaintiffs' Second Amended Complaint "asserts all the same claims against the same parties, grounded in the same core factual allegations." (*Id.*) The "new facts" either predated the initial Amended Complaint, re-assert Plaintiffs' predictions, or are overall "legally irrelevant to the claims they invoke." (*Id.*)

Defendants claim that under Fifth Circuit precedent, the Court can and should deny Plaintiffs' *Motion to Amend* because they "failed to cure their defects when given the chance; they now offer facts they have long known but failed to plead; and their proposed amendments remain just as legally defective as before." (*Id.*) Defendants argue that Plaintiffs' new allegations are,

4

largely, "neither new nor relevant to Plaintiffs' claims at all." (*Id.* at 8.) Instead, they argue, these are (a) "irrelevant to their legal claims and could have been advanced months ago[,]" (*id.* at 8, 10); (b) "do not further their legal claims and merely parrot their original predictions about the effects of Act 752[,]" (*id.* at 11); and (c) "irrelevant to their existing legal claims and futile in all events[,]" (*id.* at 12).

Defendants dispute the specific facts that Plaintiffs allege in their proposed *Second Amended Complaint*—which goes not to Plaintiff's *Motion to Amend* but to the substance of the proposed *Second Amended Complaint*. (*Id.* at 15–16.) Defendants argue that because this lawsuit was filed in anticipation of the negative impacts of Act 752, additional allegations of negative impacts that have come to pass "fail[] to add anything new[.]" (*Id.* at 19.) Defendants further argue that these allegations fail to add anything to Plaintiff's existing claims. (*Id.* at 21.) As a result, Defendants ask the Court to deny Plaintiffs' *Motion for Leave to Amend*.

### C.     Plaintiffs' *Reply* (Doc. 75)

In reply, Plaintiffs reiterate that "leave to amend should only be denied under narrow and exceptional circumstances—specifically, where there is: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies, (4) undue prejudice to the opposing party, or (5) futility of amendment." (Doc. 75 at 4 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Marucci Sports, LLC v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014)).) They argue that their proposed amendment does not fall into any of these categories. Instead, Plaintiffs assert, they "seek to amend their complaint not to rehash prior allegations, but to reflect significant factual developments that have arisen[.]" (*Id.* at 4.) They argue that they are continuing to supplement the record with new facts as they emerge. (*Id.*) Plaintiffs urge the Court not to "engage in fact-finding or credibility

5

determinations[]" while ruling on the *Motion to Amend*, but instead to "accept all well-pleaded factual allegations as true and construe them in the light most favorable to Plaintiffs." (*Id.* at 5.)

Plaintiffs contend that these new facts "were impossible to allege" before the Act's enforcement and implementation. (*Id.*) Plaintiffs describe these as "time-sensitive developments" that "materially alter the constitutional analysis of Act 752 under the Commerce Clause and the Due Process Clause." (*Id.* at 6.) They point to the approval and then delisting by the Louisiana Department of Health of products and label updates from Frosty Wellness, who Plaintiffs argue is a member of Hemp Association. (*Id.*) Plaintiffs assert that this "abrupt enforcement shift" led to direct harms to their association member, which they could not allege prior to the enforcement actions. (*Id.* at 6–7.) They argue that their amendments include new facts that bolster their previous claims. (*Id.* at 7–8.) Plaintiffs contend that their prior amendment simply addressed, as soon as possible, the standing issue identified by the Court in its earlier ruling. (*Id.* at 9.) They argue that this amendment would add facts that have since developed, which they argue support claims that are not viable and not futile. (*Id.* at 9–13.)

### III.  LEGAL STANDARDS

"Rule 15 of the Federal Rules of Civil Procedure directs courts to 'freely give leave [to amend pleadings] when justice so requires.'" *Carter v. Loc. 556*, 2025 U.S. App. LEXIS 11159 at *53 (5th Cir. May 8, 2025) (quoting Fed. R. Civ. P. 15). "'[T]he language of this rule evinces a bias in favor of granting leave to amend.'" *Porretto v. City of Galveston Park Bd. of Trs.*, 113 F.4th 469, 491 (5th Cir. 2024) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). A district court may properly deny leave to amend "'where there is a valid justification[]'" such as "'undue delay, bad faith, and dilatory motive.'" *Carter*, 2025 U.S. App. LEXIS 11159 at *53 (quoting

6

*Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 584 (5th Cir. 2020) (internal quotations omitted)). This remains "'a generous standard[.]'" *Id.* (quoting *Robertson*, 976 F.3d at 584).

IV. **ANALYSIS**

Defendants do not allege either bad faith or dilatory motive on the part of Plaintiffs. They do allege that there has been undue delay on the part of Plaintiffs here. Plaintiffs argue that this delay was not undue, but instead that their allegations are made in light of new developments. The Court notes that some of Plaintiffs' amendments could, undoubtedly, have been made earlier. However, Plaintiffs assert that other amendments allege new factual efforts made in response to the enforcement of Act 752. (Doc. 75 at 6–8.) Given the "generous standard" for granting leave to amend, the Court will not deny leave simply because some—but not all—of the amendments could have been earlier.

Defendants further allege that, because they do not believe Plaintiffs' additional allegations help the claims that Defendants already believe to be unsuccessful, these additions are futile. (Doc. 74 at 5, 12, 21.) The Court can certainly deny a *Motion to Amend* if the amendment is futile. *See Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022) ("If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court was within its discretion to deny leave to amend."). An amendment may be futile if it presents "no new factual allegations or additional claims." *Anokwuru v. City of Hous.*, 990 F.3d 956 (5th Cir. 2021). That is not the situation before the Court. In addition, as the Fifth Circuit has stated, "[a]n amendment is considered futile if 'the amended complaint would fail to state a claim upon which relief could be granted.'" *SGK Props., L.L.C. v. United States Bank Nat'l Ass'n*, 881 F.3d 933, 944–45 (5th Cir. 2018). These claims are subject to a heavily briefed motion to dismiss. (Docs.

59, 61, 62.) The Court will not issue a *de* facto ruling on the merits of the *Motion to Dismiss* in this ruling on the *Motion to Amend*.

V. CONCLUSION

Accordingly,

**IT IS ORDERED** that *Plaintiffs' Rule 15 Motion to Amend Complaint* (Doc. 68), filed by Plaintiffs Hemp Association of Louisiana and Cypress Hemp, LLC, is **GRANTED**. Plaintiffs are given leave to amend their *Complaint*. However, this will be the last amendment.

It is further ordered that *Plaintiffs' Second Motion for Preliminary Injunction* (Doc. 46) is **DENIED** as moot. Plaintiffs are given leave to refile. Likewise, *Defendants' Motion [to] Dismiss and Opposition to Plaintiffs' Second Motion for Preliminary Injunction* (Doc. 59) is **DENIED** as moot. Defendants are given leave to refile.

Signed in Baton Rouge, Louisiana, on <u>July 10, 2025</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**